FILED
2019 Jan-09 PM 04:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **JAMES FLOYD SMELCHER,** | ] |
| Plaintiff, | ] |
| v. | ] Case No.: 1:18-cv-1099-ACA |
| **ATTORNEY GENERAL OF THE STATE OF ALABAMA,** | ] |
| Defendant. | ] |

## MEMORANDUM OPINION

*Pro se* Plaintiff James Floyd Smelcher challenges the constitutionality of the Alabama Sex Offender Registration and Community Notification Act, Ala. Code §§ 15-20A-1 *et seq.* ("ASORCNA"). Defendant Steve Marshall, Attorney General of the State of Alabama, filed a motion to dismiss Plaintiff's complaint. (Doc. 9). In response, Plaintiff filed a motion for summary judgment. (Doc. 13). For the reasons explained below, the court finds that all of Plaintiff's claims are barred by the applicable statute of limitations. Therefore, the court **GRANTS** Defendant's motion to dismiss and **DENIES** Plaintiff's motion for summary judgment as **MOOT**.

## I.  BACKGROUND

When resolving a motion to dismiss, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). The court also may consider documents central to a plaintiff's claims when no party disputes the authenticity of the documents. *See Day v. Taylor*, 400 F.2d 1272, 1276 (11th Cir. 2005). Accordingly, the court's description of the relevant facts incorporates Plaintiff's allegations and unchallenged documents that Plaintiff submitted in support of his claims. (*See* Doc. 13 at 4-13).

According to the complaint, Plaintiff was charged with "rape of [an] adult" in 1979. (Doc. 1 at 1). Plaintiff served time in jail after his rape conviction and was released from custody in 1983. (*Id.* at 2). In 2011, the State of Alabama enacted ASORCNA. (Doc. 1 at 2; Doc. 13 at 5). On December 3, 2011, Mr. Smelcher signed a document acknowledging that he was aware of ASORCNA's requirements and his obligations under the law, and he initialed 28 statements that summarize ASORCNA requirements. (Doc. 13 at 7-13).

Plaintiff alleges that ASORCNA applies retroactively to his rape conviction and subjects him to its various restrictions for the rest of his life. (Doc. 1 at 1-4). For example, Plaintiff, who lives in Oxford, Alabama, must pay a $10 registration fee to the City every 90 days and a separate $10 registration fee to the county. (*Id.*

at 2). In 2000, local law enforcement told Plaintiff that he could not live with his wife and children. (*Id.* at 2-3). Plaintiff alleges that in 2017, he discovered this was incorrect because ASORCNA allows him to live with his own children and stepchildren. (*Id.*). In 2000, after he obtained a commercial driver's license, Plaintiff was told that he was prohibited from being away from his residence more than three consecutive days. (*Id.* at 3). Plaintiff alleges that because of ASORCNA, the words "criminal sex offender" appear in red on his driver's license. (Doc. 1 at 3). Plaintiff alleges that his landlord makes him pay higher rent because he is a sex offender. (*Id.* at 4). Plaintiff also alleges that he cannot move into a retirement home of choice because of its proximity to a school or daycare. (Doc. 13 at 2).

Based on these allegations, Plaintiff filed suit against the Attorney General of the State of Alabama. (Doc. 1). Plaintiff contends that ASORCNA constitutes cruel and unusual punishment and double jeopardy. (Doc. 1 at 1). Plaintiff also appears to assert that the statute violates his due process rights. (Doc. 1 at 2-4). Plaintiff's complaint does not contain separate counts that clearly identify his claims, but the court has liberally construed Plaintiff's allegations, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and finds that Plaintiff asserts claims under 42 U.S.C. § 1983 for violations of various constitutional rights.

On October 5, 2018, Defendant filed a motion to dismiss Plaintiff's complaint. (Doc. 9). In response to Defendant's motion to dismiss, on November 2, 2018, Plaintiff filed a document titled "Motion for Summary Judgment." (Doc. 13). Plaintiff did not respond substantively to Defendant's argument for dismissal or advance arguments concerning his entitlement to summary judgment. Instead, Plaintiff reasserted the general nature of the allegations in his complaint that ASORCNA violates his constitutional rights. (*See generally* Doc. 13 at 1-3). On November 11, 2018, Defendant filed a consolidated response in opposition to Plaintiff's motion for summary judgment and reply brief in support of its motion to dismiss. (Doc. 16).

## II. DISCUSSION

The Defendant moves to dismiss Plaintiff's complaint, contending that all of Plaintiff's claims are barred by the statute of limitations. (Doc. 10 at 9-14).[1] The court agrees.

A statute of limitations bar is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in his complaint. *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Therefore, "[d]ismissal under Federal Rule of Civil Procedure 12(b)(6) on statute of limitations grounds is

---

[1] Alternatively, Defendant argues that Plaintiff's claims fail to state claim for relief under applicable federal law. (Doc. 10 at 14-33). Because the court concludes that the statute of limitations bars Plaintiff's claims, the court need not consider Defendant's alternative arguments regarding the merits of Plaintiff's claims.

4

appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005) (internal quotation marks omitted).

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *Crowe v. Donald,* 528 F.3d 1290, 1292 (11th Cir. 2008) (internal quotation marks omitted). In Alabama, that limitations period is two years. *Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011). Therefore, Plaintiff was required to bring his claim within two years from the date the limitations period began to run.

For a § 1983 claim, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). "Thus Section 1983 actions do not accrue until the plaintiff knows or has reason to know that he has been injured." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987).

Plaintiff's complaint alleges that he became subject to ASORCNA when it was enacted in 2011. (Doc. 1 at 2). In addition, Plaintiff received a letter from the Calhoun County Sheriff's Office explaining that effective July 1, 2011, the "Alabama legislature signed new sex offender registration and notification

guidelines into law." (Doc. 13 at 5). The letter provides information about some of the new guidelines. The letter states that pursuant to the new law, all sex offenders must: (1) register four times a year and pay a $10 quarterly fee; (2) provide notice of intent to leave his or her county of residence for three or more consecutive days and complete a travel permit; and (3) obtain and have in his or her possession at all times a valid driver license or identification card. (Doc. 13 at 5).

On October 3, 2011, Plaintiff signed a document titled "Adult Sexual Offender Requirements." (Doc. 13 at 7-13). By signing the document, Plaintiff acknowledged that he had read the information and was "aware of all that is required" of him under ASORCNA. (Doc. 13 at 13). In addition to his signature, Plaintiff initialed each of 28 different ASORCNA requirements. (Doc. 13 at 7-13). Relevant to Plaintiff's claims, Plaintiff initialed the following requirements:

- The provisions of the Act are applicable to every person described in the Act, without regard to when his or her crime or crimes were committed or his or her duty to register pursuant to the Act arose, and to every offense described in the Act, regardless of when it was committed.

- The offender shall not establish a residence, any other living accommodation or habitually live within 2,000 feet of the property line of any school or child care facility.

- The offender shall not establish a residence where a person under the age of 18 years of age resides, except as elsewhere provided by law.

6

- The offender shall appear in person and register all required registration information listed in Act No. 2011-640 with local law enforcement in each county/municipality where the offender resides, is employed or attends school during the offender's birth month and every three months thereafter for the duration of the offender's life.

- If an offender intends to be away from his or her residence for a period of three or more consecutive days, the offender shall report such information in person within three (3) [days] prior to leaving his or her jurisdiction for such travel to local enforcement in his or her county of residence and complete a travel permit provided by the sheriff.

- The offender shall obtain and have in his or her possession at all times a valid driver license or identification card issued by the Alabama Department of Public Safety. This driver license or identification card shall bear a designation that enables law enforcement officers to identify the licensee as a sex offender.

- The offender shall be required to pay a registration fee of $10 to each registering agency where the offender resides beginning with the first quarterly registration on or after July 1, 2011 and each quarterly registration thereafter.

(Doc. 13 at 7-10).

If ASORCNA violated Plaintiff's constitutional rights, it did so starting in 2011. At the latest, Plaintiff was notified on October 3, 2011 that he was subject to ASORCNA and the specific requirements about which he complains. As of that time, Plaintiff knew or should have known all of the facts necessary to pursue his case, but Plaintiff did not file his lawsuit until July 2018, more than two years later. Accordingly, Plaintiff's claims are untimely. *See Meggison v. Bailey*, 575 F. App'x 865, 867 (11th Cir. 2014) (affirming district court's dismissal of

constitutional challenge to Florida's sex offender registration law because the plaintiff's § 1983 claims accrued on the date on which the state notified plaintiff that he was required to register, and plaintiff did not file his lawsuit until after the four-year statute of limitations for a § 1983 claim brought in Florida).

To the extent Plaintiff might argue that ASORCNA's quarterly $10 fee and prohibition of living near schools or daycares continue to violate Plaintiff's rights (*see* Doc. 13 at 2), the Eleventh Circuit has rejected the application of the "continuing violation" doctrine to statute of limitations defenses in this context. As the *Meggison* Court explained:

> The continuing-violation doctrine extends the limitations period for a violation that continues from the past into the present. *Knight v. Columbus, Ga.*, 19 F.3d 579, 580-81 (11th Cir. 1994). We must contrast that scenario from a scenario in which a discrete, one-time violation in the past continues to have effects into the future without itself remaining ongoing. *Id.* Here, the act Meggison contends violated his due-process rights was his classification as a sex offender subject to Florida's registration requirements. This classification will continue to have effects on Meggison into the future, but a new act has not occurred every time Meggison feels one of those continuing effects. *See Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003) ("Here, the defendants' act ... was a one time act with continued consequences, and the limitations period is not extended."). For this reason, the continuing-violation doctrine does not apply to Meggison's claim, and the district court did not err in dismissing his claim as untimely.

*Meggison*, 575 F. App'x at 867. The same rationale applies to Plaintiff's claims.

Plaintiff contends that his classification as a sex offender which subjects him to various obligations under ASORCNA violates his constitutional rights. This is a

8

one-time violation that continues to have effects on Plaintiff, but a new act does not occur every time Plaintiff is required to comply with his responsibilities under ASORCNA. Moreover, the continuing violation doctrine applies only when "a reasonably prudent plaintiff would have been unable to determine that a violation had occurred." *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1335 (11th Cir. 2006). And, as explained above, Plaintiff's October 3, 2011 receipt of ASORCNA's requirements and his acknowledgement that was subject to those requirements put him on notice of any alleged constitutional violation. Accordingly, Plaintiff's claims are barred by the statute of limitations.

## III. CONCLUSION

Because Plaintiff's claims are barred by the statute of limitations, the court **GRANTS** Defendant's motion to dismiss and **DISMISSES** Plaintiff's claims **WITH PREJUDICE**. (Doc. 9). The court **DENIES** Plaintiff's motion for summary judgment as **MOOT**. (Doc. 13).

The court will enter a separate final judgment consistent with this memorandum opinion.

**DONE** and **ORDERED** this January 9, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE